**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PAUL ANTHONY ATWOOD,    ) | |
|                                         ) | |
|           Plaintiff,           ) | Case No. 2:11-cv-01692-JCM-GWF |
|                                         ) | |
| vs.                                  ) | **REPORT AND** |
|                                         ) | **RECOMMENDATION** |
|                                         ) | |
|                                         ) | Application to Proceed in Forma |
| UNITED STATES OF AMERICA, et al., ) | Pauperis (#1) |
|                                         ) | |
|           Defendants.      ) | |

      This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed on October 20, 2011. Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in federal district court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. 28 U.S.C. § 1915(a)(1). The standard in 28 U.S.C. § 1915(a)(1) for in forma pauperis eligibility is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed in forma pauperis, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g., Fridman v. City of New York*, 195 F.Supp.2d 534, 536 (S.D.N.Y.), aff'd, 52 Fed.Appx. 157 (2nd Cir. 2002).

      In Plaintiff's application to proceed in forma pauperis, Plaintiff indicates that he is a 50 year old man who is unemployed and suffers from a bad knee. Plaintiff demands a fee waiver in light of the Defendants' endless ability to exhaust Plaintiff's resources and obstruct justice. Although Plaintiff is unemployed, he indicates that he has $37,000 in cash, checking or savings accounts,

$19,000 in stocks and $46,000 in a retirement account, which he will have access to at age 59. Further, Plaintiff lists out several household expenses totaling just over $1400 per month, and he contributes $2000 a year to support a child. Based on the financial information provided, the Court finds that Plaintiff has the ability to pay the fees associated with bringing this case. Accordingly, upon consideration of the financial information provided, and to maintain the integrity of the indigent request process, the Court recommends that plaintiff's application to proceed in forma pauperis be denied. Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Application to Proceed in Forma Pauperis (#1) be **denied**. Plaintiff therefore shall submit to the clerk's office the $350.00 fee for filing a civil action on or before **Wednesday, December 7, 2011**, or the above-captioned case shall be dismissed.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 9th day of November, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge